McCORD, Acting Chief Judge.
Appellant, Milano Imported Motors, Inc., appeals from an order of the Division of Motor Vehicles which granted to L. P. Evans Motors an amendment to Evans’ dealer license to include a franchise for Alfa Romeo. Among other points, appellant argues on this appeal that the Division of Motor Vehicles erred by failing to afford Milano notice and an opportunity to be heard, as required by agency rule, with respect to the application of L. P. Evans for the license amendment. Such lack of notice requires reversal.
Appellant is a licensed motor vehicle dealer in Florida and has a franchise granted by Alfa Romeo. A rule of the Division of Motor Vehicles (Fla.Admin.Code Rule 15C— 1.08) provides that when an application for a motor vehicle license for which a franchise is required is filed:
“ . . . the Director [of the Division of Motor Vehicles] . . . shall cause a notice to be sent to the presently licensed franchised dealers for the same make or makes of vehicles in the territory or community in which the new dealership proposes to locate advising such dealers of the provisions of Section 320.642, Florida Statutes, and giving them and all real parties in interest an opportunity to be heard on the matters specified in that Section.”
The Division granted Evans’ requested amendment in April, 1978, without holding an evidentiary hearing or making findings of fact and without informing Milano of the request for amendment or of its pending action on the amendment. When Milano learned of the Division’s action, it notified the Division by letter of its opposition to another Alfa Romeo dealership in the community. The letter informed the Division that Milano opposed the granting of a new dealership in the community because Alfa Romeo could not supply Milano with the vehicles and parts Milano needed and, therefore, could not successfully supply it plus a new dealer in the territory. The Division responded that Milano’s protest was unacceptable since it was filed after Evans’ application had been approved and *723 since Evans’ application contained a letter of no protest from Milano. The no protest letter, dated February 4, 1976, (over two years prior to the Division’s grant of the amendment) and addressed to the Alfa Romeo office in New Jersey, contained a statement by Milano that Milano would not protest Alfa Romeo’s appointment of a new dealer in the area.
Milano argues that the time period involved renders the no protest letter stale and, therefore, of no effect. We find that regardless of the no protest letter, the Division was bound, pursuant to Fla.Admin. Code Rule 15C-1.08, to give Milano notice of the requested license amendment. Had notice been given, appellant would have been afforded an opportunity to repudiate the no protest letter on account of changed conditions. The Department erred in failing to give the notice required by its rules.
REVERSED.
BOOTH, J., and MELVIN, Associate Judge, concur.